Raymond JOHNSON,
Plaintiff-Appellant,

v.

BOARD OF EDUCATION OF the WODEN–CRYSTAL LAKE COMMUNITY SCHOOL DISTRICT and the Woden-Crystal Lake Community School District, Defendants-Appellees.

No. 83–1065.

Court of Appeals of Iowa.

June 26, 1984.

James L. Sayre of Sayre & Gribble, P.C., Des Moines, for plaintiff-appellant.

C.W. McManigal, Gilbert K. Bovard, and J. Mathew Anderson of Laird, Burlington, Heiny, McManigal & Walters, Mason City, for defendants-appellees.

Heard by OXBERGER, C.J., and DON-IELSON, and HAYDEN, JJ.

DONIELSON, Judge.

Plaintiff teacher appeals from the district court's order affirming the decision of defendant Board of Education (Board) to terminate plaintiff's teaching contract. Plaintiff asserts that (1) the Board's decision is not supported by a preponderance of the evidence, and (2) the teacher evaluations required by Iowa Code section 279.14 and the collective bargaining agreement were mandatory, and in the alleged absence of current evaluations plaintiff could not be terminated. We affirm.

Plaintiff Raymond Johnson had been a teacher in the Woden-Crystal Lake Community School District since the 1969–70 school year with a two-year absence in the Army from 1971 to 1973. On March 15, 1982, School Superintendent Marvin Snider gave written notice to Johnson that he would recommend the termination of Johnson's contract to the Board. Snider gave as his reasons for the recommendation Johnson's continual non-supportive attitude toward the school administration, his insubordination, and his lack of cooperation with and ignoring of the administration's directives, assignments, and instructions. Johnson exercised his right under Iowa Code section 279.15 to request a private hearing before the Board which hearing was held on April 9 and 12, 1982.

On April 19, 1982, the Board issued its decision and accepted the superintendent's recommendation by terminating Johnson's contract effective at the end of the 1981–82 school year. The Board concluded that the superintendent had shown by a preponderance of the evidence that Johnson persistently violated and ignored administrative policies and rules of which he was aware and which were reasonable, proper and necessary to the effective operation of the school district. The Board noted the following specific problem areas concerning

Johnson: unauthorized use of copying machines, failure to give timely notice that he was required to report for jury duty, failure to notify the administration that he would be late for work or would be absent due to claimed illness, creation of conflicts between the administration and the students by scheduling a test at the same time as a previously-announced and scheduled intra-school volleyball tournament of which Johnson had notice and by referring to the superintendent a request by certain members of the basketball team which involved a potential violation of the rules of the Iowa High School Athletic Association, and failure to fulfill his duties as faculty advisor to the student council to assist the council in establishing a constitution for that body and in arranging for the showing of the traditional Christmas movie. The Board also found that Johnson had been made aware of his problems with the administration and was warned that termination of his contract could be the result. The Board concluded that Johnson's primary problem was his unwillingness to follow the administration's judgment; although each incident may have been minor in itself, Johnson had demonstrated a persistent pattern of disobeying or ignoring administrative policies and directives. This was found to constitute good cause to terminate his contract.

Johnson appealed the Board's decision to an arbitrator who, in a decision filed on October 26, 1982, affirmed the Board's conclusion that there was just cause to terminate his contract. The adjudicator held that the record clearly showed Johnson's negative attitude toward the school administration and rejected his allegation that the superintendent's recommendation was arbitrary or based on a personal vendetta on his part against Johnson. Johnson then filed this petition for judicial review of the Board's decision on November 19, 1982. The district court, in findings and conclusions dated July 7, 1983, also affirmed the Board's action. The court held that the evidence demonstrated that Johnson knew he was violating administrative rules and that the superintendent had shown by a preponderance of the evidence that he "persistently violated, ignored and demonstrated a non-supportive attitude toward administrative policies, procedures, rules and directives, and that he was insubordinate." The court also rejected Johnson's contention that the Board violated Iowa Code section 279.14 by failing to establish evaluation criteria by which to judge his teaching performance. The court found that Johnson had been evaluated on various occasions and that his deficiencies were called to his attention. Johnson then brought this appeal.

## I.

■ The procedures to be employed in the termination of teacher contracts are contained in Iowa Code ch. 279; *see Fay v. Board of Directors of North-Linn Community School District*, 298 N.W.2d 345, 347 (Iowa Ct.App.1980). Judicial review of such proceedings is provided for in § 279.18 which states in part as follows:

The court shall reverse, modify or grant any other appropriate relief from the board decision or the adjudicator's decision equitable or legal and including declaratory relief is substantial rights of the petitioner have been prejudiced because the action is:

1. In violation of constitutional or statutory provisions; or

2. In excess of the statutory authority of the board or the adjudicator; or

3. In violation of a board rule or policy or contract; or

4. Made upon unlawful procedure; or

5. Affected by other error of law; or

6. Unsupported by a preponderance of the competent evidence in the record made before the board and the adjudicator when that record is viewed as a whole; or

7. Unreasonable, arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion.

In reviewing the decision of the district court, we are limited to the correction of

errors under the standards set forth above in Iowa Code § 279.18. *Olds v. Board of Education of Nashua Community School District,* 334 N.W.2d 765, 768 (Iowa Ct. App.1983). "If our conclusion is the same as that of the district court, we affirm; if it is not, reversal may be in order." *Id.*

Johnson's primary argument is that the Board's finding of just cause to terminate his contract is not supported by a preponderance of the competent record evidence when that record is viewed as a whole. Iowa Code § 279.18(6). Insubordination and lack of cooperation with the school administration have been held to constitute just cause to justify the termination of a teacher's contract. *See Board of Education of Fort Madison Community School District v. Youel,* 282 N.W.2d 677.682 (Iowa 1979).

■ Upon a close examination of the entire record in this case and giving due weight to the Board's findings on witness credibility, Iowa Code § 279.18, we agree with the adjudicator and the district court that a preponderance of the competent record evidence supported the Board's conclusion that there was just cause to terminate Johnson's contract. Testimony from past and present administration officials [1] demonstrated a persistent course of conduct on Johnson's part indicating indifference to if not outright rejection of proper administration authority. The details regarding this course of conduct are summarized above and have been spelled out in the decisions of the adjudicator and the district court; we need not repeat them here. We believe, however, that the Board accurately characterized the problem in the following language from its decision:

> It is impossible for a Board of Education to provide an efficient system of education when the decisions of its delegated administrative officers are ignored or modified to suit personal choices of teachers. Boards hire teachers to teach within the perimeters defined by the administrators. It is not the duty or the

right of the teacher, no matter how well meaning, to substitute his judgments for that of the administration. If the administration is in error, it must answer to the Board and if supported by facts the Board should make the necessary changes or in turn be responsible to the electorate. Such a system is emminently [sic] workable but it disintegrates if the teacher reserves the right to "call the plays" himself.

Like the Board, we also reject Johnson's attempt to shift the blame in this case to the administration officials who were allegedly "out to get" him for whatever reason. Johnson presented one witness who testified that the superintendent had personal reasons for wanting to be rid of Johnson, but this testimony was vague and inconclusive in the extreme. Even if personality conflicts did exist in this case, Johnson is certainly not immune from termination for that reason. The following language from *Youel* is especially appropriate:

> The fact that Youel may not have been totally responsible for all the ills does not mean his contract cannot be terminated. Faced with a situation in which bickering and bitterness held sway, the Board must have the final say as to how best to bring that intolerable state of affairs to an end as long as the action taken is within the provisions of the statute designed to meet that very problem.

282 N.W.2d at 684. The district court did not err in concluding that the Board's finding of just cause to terminate Johnson's contract was supported by a preponderance of the record evidence.

## II.

■ Johnson also contends that his termination was unlawful because of the administration's failure to evaluate his teaching performance when he was being considered for termination. We find no error. Johnson's argument is based on Iowa Code section 279.14 which states in relevant part

---

1. We reject Johnson's apparent contention that we may consider only those incidents occurring during the 1981–82 school year in determining the just cause issue.

that "[t]he board shall establish evaluation criteria and shall implement evaluation procedures."

The Board in this case has followed the statutory mandate. The requisite procedures were established in Article 10.0 of the collective bargaining agreement between the Board and the teachers' association and stated that nonprobationary teachers (including Johnson) "shall be observed by his/her principal or appropriate supervisor *at least once every three years* for the purpose of formal evaluation" (emphasis added). The record reflects that full evaluation of Johnson's teaching performance were done in 1978 and 1980, the results of which evaluations were discussed with Johnson and indicated that improvements were needed in several areas. Since the hearing before the Board took place in April of 1982, another evaluation of Johnson subsequent to that done in 1980 was not yet required under the terms of the collective bargaining agreement. Contrary to Johnson's argument, there is no support in either the statutes or the cases for his theory that an evaluation is required whenever a teacher is being considered for termination. The statute (Iowa Code section 279.14) merely requires the implementation of evaluation criteria and procedures. These were established in the collective bargaining agreement and were followed in this case.

Finding no error, we affirm the ruling of the district court.

AFFIRMED.